UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Curtis Marcell Smallwood,   Civil No. 13-63 (MJD/FLN)

    Petitioner,

v.   **REPORT AND RECOMMENDATION**

Lucinda Jesson, Commissioner of Human Services,

    Respondent.

---

Petitioner, *Pro Se*.
Debra E. Schmidt, Dakota County Attorney's Office, for Respondent.

---

**THIS MATTER** is before the undersigned United States Magistrate Judge on Curtis M. Smallwood's petition for a writ of habeas corpus (ECF No. 1). The petition was filed pursuant to 28 U.S.C. § 2254 and referred to the undersigned for Report and Recommendation in accordance with 28 U.S.C. § 636 and Local Rule 72.1. In February 2013 Respondent moved to dismiss Smallwood's petition (ECF No. 8). For the reasons that follow, this Court recommends that Respondent's motion to dismiss (ECF No. 8) be **GRANTED** and that Smallwood's Petition for Writ of Habeas Corpus (ECF No. 1) be **DENIED** and **DISMISSED WITHOUT PREJUDICE** for failure to exhaust his state court remedies.

### I. BACKGROUND

In 2010 Smallwood was deemed a sexually dangerous person (SDP) and he is now committed indeterminately at the Minnesota Sex Offender Program (MSOP) in Moose Lake, Minnesota.[1] He has no formal sex offense convictions, but has been found guilty of burglary four

---

[1]    A "Sexually Dangerous Person" means a person who:

times.[2] He has also struggled with alcohol and cannabis dependency. Dakota County filed a petition in 2010 to commit Smallwood as a SDP[3] based on Smallwood's long record of inappropriate sexual behavior.

As a door-to-door salesman, Smallwood allegedly groped and fondled the breast and genital areas of several women he encountered. At least two of these incidents led to a sexual offense charge, but no convictions resulted. Between 1988 and 1998 Smallwood committed several burglaries and they all involved some form of inappropriate sexual activity. For example, in 1988, Smallwood entered the home of an adult female through a living room window. The woman awoke to find him at the foot of her bed with his penis exposed and a knife in his hand. Smallwood told the woman to be quiet and that he wanted to "make love" to her. She was able to convince Smallwood to get dressed and she called 911. Smallwood fled, but was eventually

---

> (1) has engaged in a course of harmful sexual conduct as defined in subdivision 7a (Subd. 7a defines harmful sexual contuct as "conduct that creates a substantial likelihood of serious physical or emotional harm to another.");
>
> (2) has manifested a sexual, personality, or other mental disorder or dysfunction; and
>
> (3) as a result, is likely to engage in acts of harmful sexual conduct as defined in subdivision 7a.
>
> (b) For purposes of this provision, it is not necessary to prove that the person has an inability to control the person's sexual impulses.
>
> Minn. Stat. § 253B.02, subd. 18c.

[2] Smallwood's burglary convictions include: 1st degree (1988 and 1996), 2nd degree (1992) and 4th degree (1988).

[3] Dakota County also initially sought to commit Smallwood as a Sexual Psychopathic Personality, but that request was later dropped.

arrested. He later pled guilty to burglary in the first degree and received a 65-month sentence. Similar incidents occurred in 1992, 1996 and 1998. *See* ECF No. 8.

In support of its 2010 civil commitment petition, Dakota County relied on the testimony of several experts. ECF No. 8 at 17-26. All three experts—Dr. Michael Thompson, Dr. Catherine Carlson and Dr. Thomas Alberg—agreed that Smallwood met the criteria to be committed as a SDP. *Id.* At 17. In March 2011, the Dakota County trial court committed Smallwood to the Commissioner of Human Services as a SDP. Following Smallwood's statutory 60-day review hearing, the Court ordered him to indeterminate commitment at MSOP.

In November 2011, Smallwood appealed his indeterminate commitment to the Minnesota Court of Appeals. He raised two main legal issues: (1) whether clear and convincing evidence supported his commitment and (2) whether the trial court's evidentiary rulings comported with the Minnesota Commitment and Treatment Act, statutes and rules, and current Minnesota case law. *See* ECF No. 11 at 75. The Court affirmed his commitment. In May 2012, Smallwood filed a petition for review with the Minnesota Supreme Court, raising the same legal issues presented to the Court of Appeals. The Minnesota Supreme Court denied review. Smallwood has not petitioned for certiorari to the United States Supreme Court, nor has he filed a state habeas corpus petition.

## II. DISCUSSION

### A. Federal habeas petition requirements

An individual committed as a SDP in Minnesota may challenge his commitment by filing a federal habeas petition. *See* 28 U.S.C. § 2254; *Beaulieu v. Minnesota*, 583 F.3d 570, 573 (8th Cir. 2009). Federal courts may consider habeas petitions after the judgement of a state court "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or

treaties of the United States." 28 U.S.C. § 2254(a). Three circumstances give rise to habeas relief: (1) if a state court decision was contrary to clearly established federal law; (2) if a state court decision involved an unreasonable application of clearly established federal law; or (3) if the state court decision was based on an unreasonable factual determination. *See* 28 U.S.C. § 2254(d).

However, all state court remedies must be exhausted before a federal court can consider a § 2254 petition. 28 U.S.C. § 2254(b)(1)(A); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (holding "a state prisoner must exhaust available state remedies . . . thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.") (internal quotations omitted). To satisfy the exhaustion requirement, the individual must present the federal nature of his or her claim to each level of the state courts. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999) ("This rule of comity reduces friction between the state and federal court systems by avoiding the "unseemliness" of a federal district court overturning a state court . . . without the state courts having had an opportunity to correct the constitutional violation in the first instance.")

### B. Two state remedies are available for civilly committed Sexual Dangerous Persons in Minnesota.

Persons who are civilly committed as a SDP in Minnesota have two state court remedies available to them: (1) a direct appeal of their commitment to the Minnesota Court of Appeals and (2) a state petition for a writ of habeas corpus. Minn. Stat. § 253 B.23, subd. 7 (2012) (recognizing right to appeal civil commitment); Minn. Stat. B.23, subd. 5. (2012) (recognizing that individuals under an order of civil commitment may seek habeas relief). In this case, Smallwood has exhausted his direct appeal remedy. He appealed his civil commitment to the

Minnesota Court of Appeals, and the Court affirmed his commitment. He then unsuccessfully petitioned the Minnesota Supreme Court for review. ECF No. 11 at 152. However, Smallwood did not raise any federal constitutional grounds for relief in his direct appeal, nor has he filed a state habeas petition.

### C. Smallwood's federal habeas petition is premature because he has not exhausted his state remedies.

Respondent argues that Smallwood's federal habeas petition is not properly before the Court because he did not present the federal nature of his claims to the Minnesota Court of Appeals. To that end, she suggests that Smallwood's petition should be denied without prejudice, "giving petitioner the option to return to state court to exhaust his remedies there." ECF No. 9 at 4. In contrast, Smallwood argues that he exhausted his state remedies because the Minnesota Court of Appeals had the opportunity to address the merits of his claim. 32 F.3d 381, 384 (8th Cir. 1994). The Court agrees with the Respondent.

In his Federal Habeas Petition, Smallwood argues that his indeterminate commitment violates his rights under the Fifth and Fourteenth Amendments. ECF No. 1. These constitutional arguments were not presented to the Court of Appeals or in his petition to the Minnesota Supreme Court. *See* ECF No. 9-2 at 62 and 9-3 at 71. Because the state courts have not had a fair opportunity to consider Smallwood's federal constitutional claims, his state remedies are not exhausted. *Abdullah v. Groose*, 75 F.3d 408, 412 (8th Cir. 1996) (holding that the facts and substance of federal habeas claims—including arguments based on specific constitutional rights and provisions—must be presented to the state courts to fulfill the exhaustion requirement.).

Smallwood is allowed to exhaust his state remedies by filing a state habeas petition under Minnesota Statute § 589.01. Persons who are civilly committed in Minnesota are allowed to

5

challenge the constitutionality of their commitment through state habeas proceedings, even when they previously filed a direct appeal challenging their commitment on alternative grounds. *In re Larson*, 2004 Minn. App. LEXIS 513, *13 (Minn. Ct. App. May 11, 2004) ("An appellant who has previously filed a direct appeal from his commitment is therefore not barred from raising a constitutional challenge for the first time in the context of a habeas proceeding because he is not impermissibly attempting to use the habeas proceeding as a substitute for appeal."). Thus, this Court recommends that Smallwood's Federal Habeas Petition be dismissed without prejudice. *Iverson v. Minnesota*, 2010 U.S. Dist. LEXIS 59976, Civ. No. 10-2169 (DSD/RLE) (recommending a federal habeas petition be dismissed without prejudice where petitioner failed to exhaust available state court remedies).

## IV. RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Respondent's motion to dismiss (ECF No. 8) be **GRANTED**.

2. Petitioner's Application for Writ of Habeas Corpus (ECF No. 1) be **DENIED WITHOUT PREJUDICE.**

3. Petitioner's Motion for Appointment of Counsel (ECF No. 7) be **DENIED** as moot.

DATED: August 2, 2013                      *s/Franklin L. Noel*
                                                               FRANKLIN L. NOEL
                                                               United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **August 19, 2013**, written objections that specifically identify the portions of the proposed findings or recommendations to

which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.